HYDE & GOODRICH *v.* THE CITY OF NEW ORLEANS.

Courts will not lend their aid to foster, circuitous, idle and wasteful litigation. The only real complaint plaintiffs have, is that they anticipated the payment of what afterwards became a debt. As the debt was due when they brought their suit, there was no equitable ground for repetition, in the fact that they paid it under a mistaken belief that they owed it before they really did.

A PPEAL from the Second District Court of New Orleans, *Lea*, J. *Robert*, for plaintiffs and appellants. *T. R. Wolfe*, for defendant.

SPOFFORD, J. The plaintiffs brought this suit in 1853, for the repetition of taxes upon capital alleged to have been paid by them in 1848 and 1849, for those years, in error of law, the Municipality No. 1 then having no power to tax capital whilst they supposed it had.

<div style="margin-left:auto">HYDE<br>
v.<br>
NEW ORLEANS.</div>

But, on the 7th February, 1850, the Act "to authorize the several munici-
palities of the city of New Orleans to levy taxes upon capital," was approved,
(Sess. Acts, p. 5,) by the second section of which, each of said municipalities
was empowered to levy a tax on capital on the assessment roll for the years
1848 and 1849, not to exceed the amounts already imposed by existing ordin-
ances of the said municipalities.

The Municipality No. 1 availed itself of this legislative grant of power, and
in the case of *Wheeler & Blake* v. *Municipality No.* 1, 10 An., we affirmed
the constitutionality of the law, and the binding force of the ordinance passed
in pursuance thereof.

So that if the plaintiffs paid their taxes on capital before the Act of 7th Feb-
ruary, 1850, and the ordinances pursuant thereto were passed, of which there
is no proof in the record, still, when they brought this suit, they were legally
liable to pay the defendants taxes to precisely the same amount and for the
same years, under the last named ordinances.

Courts will not lend their aid to foster circuitous, idle and wasteful litigation.
The only real complaint the plaintiffs have, is that they anticipated the payment
of what afterwards became a debt.  As the debt was due when they brought
their suit, there was no equitable ground for repetition, in the fact that they
paid it under a mistaken belief that they owed it before they really did.

Judgment affirmed.